SHERWIN-WILLIAMS CO. v. DEDRICK.

(Supreme Court, Appellate Division, Third Department.    March 14, 1899.)

SALE AND DELIVERY—EVIDENCE—SUFFICIENCY.
    Plaintiff, on order of defendant, shipped to him seven boxes of earth paint, directed to him at his home, via a carrier, which delivered them to a teamster to whom defendant had directed it to deliver his freight.    Plaintiff mailed a statement of the account therefor to defendant, with a return notice on the envelope, but it was not returned.    Defendant sat silent in court while these facts were proved.    Held, that there was evidence to sustain a finding of a sale and delivery.

Appeal from Saratoga county court.

Action by the Sherwin-Williams Company against Levi B. Dedrick. There was a judgment for defendant, and plaintiff appeals.    Reversed.

The plaintiff is a business corporation incorporated under the laws of the state of Ohio, and doing business there, but having an office in the city of New

56 N.Y.S.—42

York. It commenced an action in the justice's court of Saratoga county
against the defendant upon a complaint for goods sold and delivered to the
amount of $31.30. The defendant interposed a verified answer. The case
came on for trial before the justice, and at the close of plaintiff's evidence
(none being offered in behalf of the defendant) the justice rendered judgment
for the plaintiff. The defendant appealed therefrom to the county court of
Saratoga county. That court reversed the judgment of the justice, and from
that judgment of the county court the plaintiff has appealed to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Davison & Phillips (Charles M. Davison, of counsel), for appellant.
S. M. Richards (C. H. Sturges, of counsel), for respondent.

PER CURIAM. This case is almost entirely a question of fact.
The defendant offered no evidence upon the trial. The plaintiff's
evidence, therefore, must be assumed to be true; and, if there was
any evidence upon which the justice might find the sale and delivery of
the goods to the defendant, then his judgment should be sustained.
It appears from the evidence that the defendant had, prior to the
transactions in question, purchased goods of the plaintiff at different
times, amounting in value to some hundreds of dollars, and had paid
for the same. Upon the trial there was offered and received in evi-
dence, without objection, an order purporting to have been given by
the defendant to the plaintiff's agent in New York to ship certain mer-
chandise to the defendant. It appears that pursuant to that order
the plaintiff shipped such merchandise in seven boxes, each marked as
follows: "Levi B. Dedrick, Corinth, N. Y., via Citizens' Line and D.
& H. R. R." The defendant lives at Corinth, Saratoga county, N. Y."
It appears that these goods were shipped from New York and deliv-
ered to the Citizens' Line of Steamboats, and its receipt is in evidence
for seven packages of earth paint. The station agent at Corinth
testifies that he received seven cases marked "E Paint," addressed to
Levi B. Dedrick, according to the markings, and that he delivered
them to a teamster to whom the defendant had directed him to de-
liver his freight. There was evidence, also, to the effect that the
plaintiff had mailed to the defendant a statement of the account for
such merchandise and the prices, and that on the envelope was a
notice reading as follows: "The Sherwin-Williams Co., 397 Wash-
ington Street, New York. Return in 5 days,"—and that the same has
never been returned to the plaintiff as undelivered matter. The de-
fendant was present in court when this testimony was given, and re-
mained silent.

Without entering into any discussion as to this evidence, and recog-
nizing the fact that there are elements of weakness in the case, still
we think it constitutes some evidence to sustain the finding of the
justice, and that, therefore, the judgment of the county court should
be reversed, and that of the justice affirmed, with costs in this court
and in the court below.